## No. 13,606.

### DAVIS *v.* THE PEOPLE.
(40 P. [2d] 968)

Decided January 28, 1935.

Mr. E. D. DAVIS, pro se, Mr. GAIL L. IRELAND, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DAVIS, herein referred to as defendant, was convicted of the crime of .confidence game on July 19, 1934, and, after overruling of a motion for a new trial, was sentenced to the state penitentiary for a term of from eight to twelve years. He assigns error and makes application for supersedeas. Present counsel, who assigns numerous errors, did not represent defendant at the trial. The information filed June 19, 1933, charges as follows: "Clyde L. Starrett, District Attorney within and for the Fourth Judicial District of the State of Colorado, in the County of El Paso, in the State aforesaid, in the name and by the authority of The People of the State of Colorado, inform the Court that E. D. Davis on the Ninth day of April, A. D. 1933, at the said County of El Paso, did then and there unlawfully, feloniously and fraudulently obtain from Willa Ruark the sum of ($20.00) Twenty Dollars in money, of the value of Twenty Dollars, of the personal property, goods, chattels and moneys of the said Willa Ruark by means and by use of the confidence game. Contrary to the form of the Statute in such case made and provided, and against the peace and dignity of The People of the State of Colorado."

The motion for new trial, filed and presented by former counsel set forth the following grounds: That the verdict is contrary to the evidence; that the court erred in admitting evidence over objection of defendant and that the verdict is contrary to the instructions. Present counsel assigns many errors not raised by the motion for new trial, and insists that this court may, in its discretion, notice any error appearing of record, under its rule No. 35, and that thereby defendant may have the protection which he contends was not afforded him by either court or counsel at the trial. From a careful study of the record, we cannot say that the defendant was given a proper defense or a fair trial.

Summarized, the record discloses these facts: The information charges defendant with having obtained the sum of $20 from Willa Ruark, the complaining witness,

214

by means of a confidence game. The mother of the complaining witness had instituted an action for damages against the Fountain Valley school district which had been dismissed by counsel without her consent and without recovery. The complaining witness told the defendant about the condition of her mother's case, and defendant told her he would get a Denver lawyer, William B. King, to take the case for her and that he would have to have $12 for expenses in reopening the case. She gave him the money and defendant gave her the following receipt which is a copy of people's Exhbit A:

"12.00                                    Colorado Springs, Colo.
                                                    Mar. 9, 1933.
"Received of Miss E. Ruark Twelve & 00/100 Dollars. To expense funds to Denver, reference case: Ruark vs. Fountain Valley School, Inc.
                                                    "E. D. Davis."

She testified that later, defendant wanted $20, which Exhibit B, and is as follows:
he would have to have to pay the lawyer. This she also provided, and he gave her a receipt which is people's

"$20.00                                   Colorado Springs, Colo.
                                                    April 9, 1933.
"Received from Miss Ruark Twenty & 00/100 $20.00. To expenses acct. Ruark vs. Ft. Valley School case. (Denver Atty. & costs fees).
                                                    "E. D. Davis."

The complaining witness and her mother were permitted to testify that additional money, a dollar or two at a time, was paid to defendant upon his request for expenses, and they testified generally that no progress seemed to be made by defendant. They became suspicious from the many statements made to them from time to time by defendant, and finally consulted Mr. Shoup, who upon inquiry of King ascertained that defendant had not seen King at all concerning the litigation, whereupon the prosecuting witness caused the information herein to

be filed. The defendant testified that he made a trip to Denver and, being unable to reach Mr. King, had had a conversation with Mr. Burdick another Denver lawyer, but did not employ him; that he did employ Mr. Rees D. Rees, a Denver attorney and advanced him $30 of his own money in addition to the $20 furnished by complaining witness, and produced the receipt given by Mr. Rees, defendant's Exhibit 1, which is as follows:

"Denver, Colorado
"$50.00                                                     April 10, 1933.
"Received from E. D. Davis, the sum of: Fifty & 00/100 Dollars. To fee on: Ruark vs. Fountain Valley School case, El Paso County, District Court.
"($20.00 from E. Ruark)
"($30.00 from E. D. Davis)

---

$50.00

"Rees D. Rees, Attorney."

Concerning this exhibit, defendant was cross-examined before its admission in evidence and upon such cross-examination, the exhibit was admitted without any objection by the district attorney, and so stands in the record in this case as an unquestioned bona fide receipt to defendant, and this receipt bears date of the day following the receipt given by defendant for the $20 mentioned in the information.

The substance of the people's case, as submitted by the court to the jury, was comprised of the testimony of complaining witness and her mother relative to the statements made by the defendant concerning what had been done in the matter which they alleged were false, their testimony being largely contradicted by defendant. The defendant was charged with, and tried for, having obtained $20 by means and use of the confidence game. The information was under section 6856, Compiled Laws of 1921, as amended by chapter 93 of the Session Laws of 1923, which defines confidence games, and which, as construed by this court, involves the use of "some false or

bogus means, token, symbol or device as distinguished from mere words, however false or fraudulent." *Wheeler v. People*, 49 Colo. 402, 113 Pac. 312; *Chilton v. People*, 95 Colo. 268, 35 P. (2d) 870.

All complaints against defendant relate entirely to enthusiastic proposals prior to the obtaining of the money, and alleged misstatements afterwards. Such do not bring the case within a charge of confidence game. If this case presents one of crime at all—the testimony and exhibits of defendant being eliminated—it is one of false pretense. It is totally lacking in the essentials constituting confidence game. Assuming that the after-statements were false and fraudulent, it must be remembered that not every fraud is a confidence game within the contemplation of the statute under which defendant was informed against and prosecuted. While no doubt the defendant was unduly impressed with his ability to adjust such matters as that in which complaining witness engaged him, and through which he undoubtedly expected to benefit, it was only the beginning of a legitimate undertaking, and was so conducted, as shown by the receipts given by the defendant. The money was obtained to be spent on behalf of complaining witness, and in her interests; that it, and more, was so used, is unquestionably established by the receipt for $50 given by Rees.

This would tend to absolve the defendant from even a charge of obtaining money by false pretenses and does not present a circumstance whereby the defendant procured the money by means of any game or games, practice or practices, scheme or trick, device or deception. In the interim, an order reopening the civil case was entered, and the only wrong, if it be a wrong, chargeable to the defendant, was in the fact that he engaged a different attorney than the one originally proposed by him for employment.

Numerous errors, discussion of which is unnecessary, have been assigned by present counsel which were not directly raised in the lower court. The general

assignment below, that the verdict is contrary to the evidence, is sufficient in this court for the exigencies of the case. As above outlined, upon application of the law, the evidence is insufficient to sustain the charge and the court should have so directed.

Judgment reversed and cause remanded with directions to dismiss the information and discharge the defendant.

MR. JUSTICE CAMPBELL and MR. JUSTICE YOUNG not participating.