(No. 26474.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL A. GAIR, Plaintiff in Error.

*Opinion filed March 16, 1942—Rehearing denied May 13, 1942.*

WILLIAM T. CHISM, and HAROLD V. SNYDER, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, (A. FRED KENDALL, State's Attorney, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was convicted by a jury in the circuit court of Iroquois county of obtaining money and property of the value of $5000 from Newton S. Pearce by means and use of the confidence game. He was sentenced to the penitentiary for a term of one to ten years, and he now sues out this writ of error.

Plaintiff in error made the acquaintance of Newton S. Pearce two or three years prior to March 29, 1937. The purpose of this first meeting was to interest Pearce in the purchase of certain bonds, but Pearce did not buy any securities. Plaintiff in error called on Pearce six or eight weeks later and borrowed $50 or $100, which was subsequently repaid. In 1936 plaintiff in error sold Pearce a large number of candy-vending machines. The sale price

of these machines was about $50 each, and the testimony shows that these machines netted a small profit each month.

On March 29, 1937, plaintiff in error again met Pearce and talked with him about a company in which plaintiff in error was interested and which was engaged in the manufacture and distribution of a room cooler. The manufacturing company was an Illinois corporation known as Air-Blo-Inc., and had its office in Chicago. After a somewhat lengthy discussion, Pearce gave the plaintiff in error a check for $5000 payable to Air-Blo-Inc. The check was filled in by plaintiff in error and signed by Pearce. Upon his return to Chicago, plaintiff in error wrote to Pearce thanking him for the loan to the corporation and enclosed the note of the corporation, which was as follows:

"Promissory Note.
$5,000.00                              Chicago, March, 29, 1937
Ninety-three (93) days after date we promise to pay to the order of Newton S. Pearse Five Thousand and no/100 Dollars. Payable at Watseka, Ill. Value received with interest at 6% per annum.
                                       AIR-BLO-INC.,
                                       (Signed) RUSSELL A. GAIR, *Pres.*
(Corporate Seal)                       (Signed) R. T. BLOW, *Vice-Pres.*
No.............. Due July 1, 1937."

The check received from Pearce was deposited to the account of Air-Blo-Inc. in the Merchandise Bank & Trust Company of Chicago, Illinois, and the proceeds were apparently paid out for corporate purposes. When this note became due, the interest was paid and it was renewed for 90 days, and later renewed for 365 days.

Pearce died January 29, 1940, and suit was commenced to recover on the note. A judgment for $5000 was obtained, and at the date of the trial about $300 had been recovered.

At the trial the prosecution introduced the testimony of several witnesses to show that Newton Pearce was suffering from senile dementia and was therefore incompetent to transact business at the time that this money was obtained

from him by the plaintiff in error on behalf of Air-Blo-Inc. The principal contention of plaintiff in error is that the verdict is not supported by the evidence. It is apparent from the testimony that Pearce and the plaintiff in error had been on friendly terms for several years prior to the negotiation of the loan made to Air-Blo-Inc. Plaintiff in error had endeavored on several occasions to interest Pearce in bonds, and eventually did sell to him the candy-vending machines described in the testimony.

In order to establish a conviction for the crime of obtaining money by means of the confidence game, there must be a swindling operation in which the swindler takes advantage of the confidence reposed in him by the victim. There must be a trick, a scheme or a device by which the victim is swindled. (*People* v. *Benton*, 324 Ill. 331; *People* v. *Gould*, 363 id. 348.) The essential element of the crime of obtaining money or property by means of the confidence game is the fraudulent obtaining of the confidence of the victim. Where the confidence of the victim is honestly obtained through a course of regular business dealings, the confidence game statute is not violated. *People* v. *Schachter*, 361 Ill. 573; *People* v. *Snyder*, 327 id. 402.

In this case there is ample evidence to show that the machine developed by Air-Blo-Inc. was mechanically fit for the purpose for which it was advertised, and that the machine was in fact produced and sold to several users. The evidence likewise shows that plaintiff in error had invested $3288 of his own money in the corporation. That the business was not properly managed and failed to show a profit is not conclusive proof that Air-Blo-Inc. was a fraudulent scheme. Nor was the fact that Newton Pearce was induced to believe in the potentialities of this manufactured product sufficient to constitute the crime of a confidence game.

While the State introduced certain evidence tending to show that Newton Pearce might have been suffering from

462

senile dementia, there is no definite proof indicating that on the date the loan to Air-Blo-Inc. was concluded Newton Pearce was mentally incompetent. Nor was any proof offered sufficient to convince us that Pearce was unable to transact business on the date in question. We also observe that a conservator was not appointed for Pearce until more than two years after the loan was negotiated. While it is the province of the jury to pass upon the question of guilt or innocence of the accused in the first instance, it is the duty of this court to consider this evidence and if it does not establish guilt beyond a reasonable doubt, the conviction must be reversed. (*People* v. *Jung*, 358 Ill. 488; *People* v. *Schiro*, 361 id. 117; *People* v. *Rappaport*, 362 id. 462.) Because the evidence is not of that clear and convincing character that is required to establish guilt beyond a reasonable doubt, the judgment of conviction must be reversed.

*Judgment reversed.*