## No. 18,353.

BERNARD C. BEVINS *v*. PEOPLE OF THE STATE OF COLORADO.

(330 P. [2d] 709)

Decided October 14, 1958. Rehearing denied October 27, 1958.

Mr. H. TED RUBIN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error will be referred to as the defendant as he appeared in the trial court.

He was convicted by a jury in Garfield County of feloniously and unlawfully obtaining the sum of $20.00 from a business establishment in Glenwood Springs "by means and by use of the confidence game." Motion for new trial was denied and defendant sentenced to a term of not less than eight nor more than fifteen years in the state penitentiary. Defendant seeks reversal of his conviction, and assigns six grounds of error. Since we are persuaded that the court erred in refusing to direct a verdict of not guilty at the close of the People's case, only that assignment will be discussed. Other assignments dealing with the admission of testimony on so-called similar offenses and alleged errors in the giving of certain instructions need not be commented upon.

In the essential and material details defendant does not deny the evidence presented against him. The conclusion of the court that the facts supported the allegation of the crime of "confidence game" is challenged here.

The evidence was that defendant was employed in Glenwood Springs for several months prior to the alleged offense and on several occasions prior to the transaction in question had "cashed" checks at the business establishment of the complaining witness. This witness testified that on each of the prior occasions the defendant had asked him to hold the check for a few days, which was done. In each instance the defendant came in on the promised date, gave the witness the cash, and picked up the check. He was faithful and prompt in all of the prior dealings. He further testified that defendant gave as a reason for this procedure that he did not wish his wife to know he was cashing checks in a bar. Whatever the reason, on each such occasion the complaining witness retained the check, did not present it to the bank, and relied upon the *promise of the defendant* to return on the appointed day with the cash. On each of the half dozen or more prior occasions, when defendant kept the appointment and did as he said he would — redeem his check for cash — there was no offense committed.

On the day of the transaction upon which the charge was based the complaining witness knew that the defendant had lost his job. Defendant on this occasion obtained $20.00 and asked the witness to hold the check as he was giving some private swimming lessons and had some money coming from this source; that he would come back on the appointed day and redeem the check when he obtained the money. On the appointed day the defendant did return and said he had been unable to procure the money, but was going to Carbondale to make a collection and asked complaining witness to give him another day within which to repay the money. That night he was jailed on a traffic offense and failed to keep the appointment the following day, whereupon the witness presented the check to the bank and then learned that defendant had no account therein. The witness at one point in his testimony stated that defendant said he

had money in the bank. In other testimony the complaining witness said he relied on defendant's representation that he was giving private swimming lessons, and that he relied on the representation that he had money coming from certain individuals. Even if these representations were false, as the district attorney attempted to establish by other evidence, and even if relied upon by the complaining witness, they were made to convince the witness that defendant could make good his promise to pay on the appointed day and are insufficient to support a conviction of the crime of confidence game. The course of dealings between these parties discloses that in every particular the promise was to pay money in the future, and the checks were given as evidence of the debt.

The statute under which defendant was tried is one describing a particular offense. It has been observed in prior decisions of this court that the Illinois confidence game statute "is identical with that of Colorado" and "likely was the source of our act." *Wheeler v. People,* 49 Colo. 402, 113 P. 312; *Olde v. People,* 112 Colo. 15, 145 P. (2d) 100. Thus in *People v. Snyder,* 327 Ill. 402, 158 N.E. 677, the court said:

"The gist of the crime [confidence game] is the obtaining of the confidence of the victim by some false representation or device."

The court further stated:

"Where the confidence of the injured party is honestly obtained through a course of regular business dealings, and the one in whom confidence is reposed breaches that confidence to the injury of the one reposing it, the statute defining and punishing the obtaining of money by means and by use of the confidence game is not violated."

In *People v. Gair,* 379 Ill. 458, 41 N.E. (2d) 502, the court said:

"The essential element of the crime of obtaining money or property by means of the confidence game is

the. *fraudulent obtaining of the confidence* of the victim. Where the confidence of the victim is honestly obtained through a course of regular business dealings, the confidence game statute is not violated." (Italics ours.)

If it can be said that because the defendant did not have private pupils, as he is said to have represented, and that such representation was fraudulent and induced the complaining witness to part with his money, yet not every misrepresentation is a confidence game within the meaning of the statute. *Davis v. People,* 96 Colo. 212, 40 P. (2d) 968.

In *Shepherd v. People,* 109 Colo. 582, 129 P. (2d) 104, defendant gave a check to be held until he authorized it "to be run through" the bank at a later date. The check was held not to be a bogus or false writing, but to be in the nature of I.O.U. paper.

In *Bomareto v. People,* 111 Colo. 99, 137 P. (2d) 402, this court quoted with approval from *People v. Schneider,* 327 Ill. 270, 158 N.E. 448, as follows:

"The statute [confidence game] does not cover business transactions between parties on an equal footing, even though there is such fraud or misrepresentation as will subject one of the parties to a civil or criminal action."

In the instant case the complaining witness reposed confidence in the defendant as a result of regular business dealings between them involving identical transactions. The defendant during the more than half dozen previous occasions was regularly employed and obtained the confidence of the complaining witness by making good his checks. Whether the money was in the bank or not did not particularly concern the complaining witness since he relied upon the checks being redeemed, as they were. The evidence shows that the checks were treated by the complaining witness as I.O.U. paper. Defendant's failure to take up the check as agreed upon is only a breach of contract. *Graham v. People,* 126 Colo. 351, 248 P. (2d) 730.

Although the defendant was entitled to a directed verdict at the close of the People's case, on denial of the motion therefor, he produced evidence to show that at the time he was incarcerated on the traffic charge he had been successful in raising $26.00, $20.00 of which he intended to give the complaining witness, but was prevented from doing so by his incarceration. The jail records show that the defendant had such a sum on him at the time and was in position to make good his promise to pay as he had on prior occasions. The testimony presented on behalf of the People makes it clear that it was never intended that the complaining witness would present the check involved to the bank for payment.

The judgment and sentence are reversed and the cause remanded with instructions to discharge the defendant.