(No. 37541.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CARUTH, Plaintiff in Error.

*Opinion filed September 27, 1963.*

ARTHUR T. SUSMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

James Caruth, otherwise called James C. Collins, was indicted in the criminal court of Cook County for the crime of confidence game. After a bench trial he was found guilty and sentenced to imprisonment for a term

from one to five years. On this writ of error he contends that the evidence cannot sustain a conviction for confidence game and that he was unduly restricted in his cross-examination of the complaining witness.

The alleged crime was perpetrated on May 7, 1959. In the morning of that day John Mohammed, the husband of complaining witness, had been sentenced to four months in the county jail for an assault, and a neighbor, Mrs. Woodfield, was present in the courtroom. After Mohammed was sentenced she informed Mrs. Mohammed that she knew someone who could get her husband out of jail. A meeting was arranged for 1:00 o'clock in the Mohammed home on the south side of Chicago.

At that time Mrs. Woodfield appeared with the defendant, James Caruth. Mrs. Mohammed testified that Mrs. Woodfield introduced the defendant to her as the man who could get her husband out of jail. Defendant agreed that if she wanted her husband out of jail he was the man to get him out, and promised her that Mohammed would be released the next day. Defendant told her that the fee would be $350. She had only $200 but her sister-in-law offered to loan her another $100, whereupon defendant settled for the $300. That sum was then paid to him and he wrote out a receipt for it and promised to return the money if he could not get Mohammed out. Mrs. Mohammed's brother and sister-in-law testified that they were present at this meeting, and their testimony was substantially the same as that of Mrs. Mohammed. Mohammed was not released as promised, but was discharged after serving 44 days. Despite repeated promises the money was not returned. Defendant testified that only Mrs. Woodfield was present at this meeting with Mrs. Mohammed. He admitted taking the money and said that he tried to secure Mohammed's release but was unable to do so. He testified that he intended to repay the money but became ill and was unable to do so.

Defendant's contention that the *corpus delicti* of the crime was not proved is based on the argument that there was no evidence the complaining witness had confidence in him. The gist of the crime of confidence game is the obtaining of the confidence of the victim by some false representation or device. (*People* v. *Priola,* 395 Ill. 296; *People* v. *Marmon,* 389 Ill. 19.) While the form of the transaction is not material, a swindling operation does not constitute the confidence game unless the victim is induced to repose confidence in the accused and parts with his money because of such confidence. (*People* v. *West,* 406 Ill. 249; *People* v. *Gallowich,* 283 Ill. 360.) Where money is obtained by unlawful means other than by fraudulently obtaining the confidence of the victim and abusing it, a conviction of the crime of confidence game cannot stand. (*People* v. *West,* 406 Ill. 249; *People* v. *Gould,* 363 Ill. 348.) It is not enough, for example, to show that money or property was obtained by false pretenses (*People* v. *Gould,* 363 Ill. 348), or that the victim parted with his money in reliance solely upon the recommendations of a third person without placing any confidence in the defendant. *People* v. *Burley,* 357 Ill. 584; *People* v. *Talmage,* 233 Ill. 560.

The defendant argues that Mrs. Mohammed parted with the $300 solely because of her confidence in Mrs. Woodfield and her recommendation, and not because of any confidence in the defendant, and that therefore the crime of obtaining money by means of the confidence game has not been proved. We can not agree. In *People* v. *Mutchler,* 309 Ill. 207, a third party took the defendant to a bank and introduced him to the chief bank clerk. The third party told the clerk of certain business dealings he had had with the defendant and told the clerk that he was positive that the defendant's check was good. The defendant made no representations to the clerk and was silent during this conversation. The clerk then cashed a worthless check for the defendant. We up-

held the defendant's conviction for obtaining money by means of the confidence game and pointed out that the clerk cashed the check because he had confidence in the defendant as a result of the representations of the third party. Our holding in that case is controlling here. Mrs. Mohammed testified that she gave the money to the defendant because she was confident that he could secure her husband's release, as he had promised to do. It is immaterial that the confidence was obtained, in part, by the representations of Mrs. Woodfield.

The defendant's other assignment of error relates to the cross-examination of Mrs. Mohammed. Defense counsel asked her whether she gave the money to the defendant because he asked for it or because Mrs. Woodfield asked her to give it to him. She replied, without objection, "That might be the reason I gave it to him, because she recommended him so highly to me, and he could get my husband out * * *." She was then asked if she meant that she gave the money to the defendant because she relied upon Mrs. Woodfield. She replied, "That could be," and following her answer, the court sustained an objection to the question, but did not strike the answer. She was then asked whether she would have given the defendant the money if Mrs. Woodfield had not told her to do so, and she replied, "No, because I didn't know him." An objection to the question was sustained and the answer was stricken. We see no prejudicial error in the court's rulings.

In our opinion, the defendant received a fair trial and the evidence is sufficient to establish his guilt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*