**UNITED STATES, Appellant,**

v.

**David L. BROWN and Frederick D. Nash, Appellees.**

**No. 6831.**

District of Columbia Court of Appeals.

Argued Feb. 14, 1973.

Decided Aug. 30, 1973.

Richard L. Beizer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Charles F. Flynn, and James F. Flanagan, Asst. U. S. Attys., were on the brief, for appellant.

John M. Pitkin, Silver Spring, Md., appointed by this court, for appellee Brown. Barney M. Robbin, Washington, D. C., also appointed by this court, filed a statement on behalf of appellee Nash adopting the brief of appellee Brown.

Before FICKLING, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

■■ This appeal by the government [1] challenges an order of the trial court dismissing without prejudice indictments filed August 22, 1972, each charging appellees in two counts with violations of D.C.Code 1967, § 22–1506.[2] Appellees were initially indicted on February 29, 1972, under the same Code section, it being charged that "[o]n or about December 24, 1971, within the District of Columbia, David L. Brown and Frederick D. Nash played and practiced a confidence game and swindle upon Lee Amos." This indictment was dismissed without prejudice. Thereafter the government on July 12, 1972, reindicted appellees charging for the second time viola-

tions of D.C.Code 1967, § 22–1506. Appellees again moved to dismiss contending that the statute was unconstitutionally vague and alternatively that the indictments as drawn did not charge an offense. Prior to a hearing on the motions to dismiss the July indictments, they were withdrawn by the government and, on August 22, 1972, superseding indictments were filed.[3] On August 31, 1972, appellees were arraigned on the August indictments and, after stipulation by counsel that the motions to dismiss and the opposition thereto filed with respect to the July indictments should be considered in support of and in opposition to the August indictments, the court entered an order of dismissal, saying:

I think that the indictment falls short of laying the prerequisite of the confidence game under Section 1506.

It seems to me that what the government has done is pleaded the first sentence. In the first sentence the conclusionary term play practice confidence game, and the second sentence seems to me to be in essence the larceny after trust situation.

. . . I think that this indictment does not state the elements of the offense of the confidence game which I think are implicit in the statute. . . .[4]

---

1. D.C.Code 1972 Supp., § 23–104(c).

2. The statute in its entirety reads:

   Three card monte and confidence games. Whoever shall in the District deal, play, or practice, or be in any manner accessory to the dealing or practicing, of the confidence game or swindle known as three-card monte, or of any such game, play, or practice, *or any other confidence game, play, or practice,* shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding one thousand dollars and by imprisonment for not more than five years. [Emphasis added.]

   Although denominated a misdemeanor by D.C.Code 1967, § 22–1506, the penalty prescribed makes this offense prosecutable only by indictment. *See* D.C.Code 1972 Supp., § 23–301. *See also* 18 U.S.C. § 1.

3. The August indictments charged in two counts that:

   On or about December 24, 1971, within the District of Columbia, David L. Brown and Frederick D. Nash played and practiced a confidence game and swindle upon Lee Amos. The nature of said confidence game and swindle was to persuade Lee Amos to entrust money to David L. Brown and Frederick D. Nash, which money David L. Brown and Frederick D. Nash intended to fraudulently convert to their own use.

4. The elements of the crime of confidence game are (1) an intentional false representation to the victim as to some present fact, *see* Graham v. People, 126 Colo. 351, 248 P.2d 730 (en banc 1952) ; (2) knowing it to be false, People v. Peers, 307 Ill. 539, 139 N.E. 13 (1923) ; (3) with the intent that the victim rely on

■ There is agreement that the issue before this court is whether for the purposes of D.C.Code 1967, § 22–1506, the indictments stated sufficiently the elements of the offense called the "confidence game or swindle known as three-card monte." We hold that they did not, and affirm.

■ The statute is set forth in a chapter of the D.C.Code which proscribes games of chance in their many forms. The chapter, as indicated by its title, is concerned only with gambling activities. Appellees were not, of course, charged under the specific "three-card monte" portion of Section 22–1506, but rather under its general or "shot-gun clause", *i. e.*, "any other confidence game, play, or practice" However, inasmuch as the thrust of the statute is against gambling, we think that the doctrine of *ejusdem generis* is controlling and that the general language "any other confidence game, play, or practice" must be limited in application to gambling activity similar to "three-card monte." In this connection, it is an elementary rule of statutory construction that,

the representation, McBride v. People, 126 Colo. 277, 248 P.2d 725 (en banc 1952); People v. Marmon, 389 Ill. 19, 58 N.E.2d 603 (1944); (4) the representation being made to obtain the victim's confidence, State v. Cole, 84 S.D. 111, 168 N.W.2d 507 (1969); People v. Peers, *supra*; and thereafter his money and property, People v. Gallowich, 283

[w]here general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. Sutherland, Statutory Construction § 4909 (3d ed. 1943). *Accord*, 82 C.J.S. Statutes § 332 (1953).

■ In our opinion, the "three-card monte" statute, dealing—as it does—with gambling, is not a proper vehicle for prosecuting the fraud or deceit sought to be punished in this case. We have other statutes to deal with such conduct.[5] Whatever may be said as to the sufficiency of the indictments in this case to charge an offense, certainly it cannot be seriously contended that they charged appellees with practicing "the confidence game or swindle known as three-card monte, or of any such game, play, or practice, or any other confidence game, play, or practice," as we have construed it. It follows that the trial court did not err when it dismissed the indictments.

Affirmed.

Ill. 360, 364, 119 N.E. 283 (1918); (5) which confidence is then abused by defendant, People v. Gair, 379 Ill. 458, 41 N.E.2d 502 (1942); State v. Ruffin, 280 Minn. 126, 158 N.W.2d 202 (1968).

5. *See* D.C.Code 1967, §§ 22–1301, 22–2201 through 22–2203.