Tyrone **MOZELLE**, Appellant,

v.

**UNITED STATES, Appellee.**

No. 6668.

District of Columbia Court of Appeals.

Argued May 9, 1973.

Decided Oct. 2, 1973.

———◆———

Robert F. Steeves, Washington, D. C., appointed by this court, for appellant.

Peter K. Mair, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Daniel J. Bernstein, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and NEBEKER and PAIR, Associate Judges.

REILLY, Chief Judge:

Appellant and a codefendant were indicted for violation of D.C.Code 1967, § 22–1506,[1] a misdemeanor. At a pretrial status hearing defense counsel made an oral motion which the court treated as a motion to dismiss the indictment or, in the alternative, to provide a bill of particulars. The court denied the motion to dismiss, but ordered the government to furnish particulars. Subsequently appellant and his codefendant were tried before a jury, found guilty, convicted and sentenced.

The evidence at trial was that appellant approached the complaining witness, a newcomer to Washington, and asked directions to a certain hotel, the location of which was unknown to the latter. While they were talking, they were joined by a third man, the codefendant, a stranger to complainant, who also pretended not to be acquainted with appellant. He volunteered to help them find the hotel—appellant saying that he expected to find a girl there. After walking some distance the codefendant remarked that he knew of another place where a girl might be found. Appellant said he would go there but expressed apprehension about a large sum of money he was carrying. The stranger suggested that complainant hold appellant's money in a sealed envelope, into which his own money would also be put as a token of his good faith, while appellant went to meet the girl. The complainant agreed. While his back was turned, however, the envelope containing the money was apparently exchanged for another one of similar appearance, for shortly after the other two men left him he discovered that he was holding an envelope filled with newspaper clippings.

Appellant contends that it was error to deny his motion to dismiss the indictment, advancing several arguments in support of his thesis. We need reach only the first,

---

1. That statute provides:
   Whoever shall in the District deal, play, or practice, or be in any manner accessory to the dealing or practicing, of the confidence game or swindle known as three-card monte, or of any such game, play, or practice, or any other confidence game, play, or practice, shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding one thousand dollars and by imprisonment for not more than five years.

*viz.,* that the three-card monte statute does not apply to the kind of fraudulent or larcenous conduct with which appellant was charged.

Since the date of oral argument in this case, this court has rendered a decision in another case which appears dispositive of this point. In United States v. Brown, D. C.App., 309 A.2d 256 (1973), the dismissal of two indictments brought under this statute was affirmed, the facts alleged in the particulars of such indictments being very similar to those proved here. Applying the principle of *ejusdem generis,* the court decided that the statute "must be limited in application to gambling activity similar to 'three-card monte.'" It follows that this conviction cannot stand, and we reverse and remand with instructions to dismiss the indictment. In so doing, we emphasize that nothing in this opinion or in the *Brown* decision, *supra,* should be construed as holding that the conduct attributed to appellant and his confederate is beyond the reach of other provisions in the District of Columbia criminal code relating to larceny by trick, or cognate offenses.

Reversed.