In the Matter of KEEFE COMPANY,
Petitioner,

v.

DISTRICT OF COLUMBIA BOARD OF
ZONING ADJUSTMENT, Respondent.

No. 79–386.

District of Columbia Court of Appeals.

Argued Oct. 31, 1979.

Decided Dec. 10, 1979.

John A. Keats, Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corporation Counsel, Washington D. C., with whom Judith W. Rogers, Corporation Counsel, and Richard W. Barton, Deputy Corporation Counsel, Washington, D. C., were on the brief for respondent.

Before KERN, FERREN, and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Petitioner, Keefe Company, a consulting firm and registered lobbyist, challenges the determination of the D.C. Zoning Administrator and the Board of Zoning Adjustment (herein BZA), that the Company is not a "similar professional person" within the Revised Special Purpose (SP) District Zoning Regulation § 4101.44 (1978).[1] Ap-

1. The decision of the Zoning Administrator, dated September 18, 1978, was made based upon the provisions of Paragraph 4101.35. On October 5, 1978, the Zoning Regulations were

pellant urges that: (1) in interpreting the meaning and intent of § 4101.44, the Zoning Administrator and the BZA engaged in "rule making" under the District of Columbia Administrative Procedure Act (DCAPA) without complying with the procedural formalities required, *see* D.C.Code 1978 Supp., §§ 1–1505, –1506;[2] and that (2) the determination by the Zoning Administrator and the BZA that the Keefe Company does not constitute a "similar professional person" within the SP Zoning Regulations was arbitrary and capricious.

Finding that the BZA neither engaged in rulemaking nor determined that Keefe Company constituted a "similar professional person" in a manner clearly erroneous or inconsistent with the regulations, this court must uphold the decision of the BZA. *Sheridan-Kalorama Neighborhood Council and Philip R. Melkye v. District of Columbia Board of Zoning Adjustment,* D.C.App. (No. 12899, May 7, 1979).

Petitioner entered into a lease to rent office space in a building located at 1625 Massachusetts Avenue, N.W., which is situated in a Special Purpose (SP) Zoning District. Under § 4101.44 of the D.C.Zoning Regulations (1978), buildings in SP Districts are limited to use by a "chancery, non-profit organization, labor union, or architect, dentist, doctor, engineer, lawyer or *similar professional person*" (emphasis supplied). The Company applied for a certificate of occupancy for the premises, but was denied the same because the Zoning Administrator found that the Company was not a "similar professional person" within the meaning of the statute. In support of its ruling, the Administrator stated that the phrase "similar professional person" means a person who: (1) is licensed by a state, or the District of Columbia; (2) is bound by a code of professional ethics and (3) has received professional education. Finding that the Keefe Company was neither licensed nor bound by a code of professional ethics, the Zoning Administrator ruled as it did. The BZA concurred with the opinion of the Zoning Administrator and upheld the ruling.

## I.

■ It is an established maxim of review that an agency's interpretation of its administrative regulations must be given great deference and is to be upheld by this court unless clearly erroneous or inconsistent with the regulations. *Bernstein v. District of Columbia Board of Zoning Adjustment,* D.C.App., 376 A.2d 816, 819 (1977). In this jurisdiction the Zoning Commission promulgates the regulations, but it is the responsibility of the BZA to interpret the regulations adopted by the Commission. *See Salsbery v. District of Columbia Board of Zoning Adjustment,* D.C.App., 318 A.2d 894, 896 (1974). Unless the interpretation of the BZA is clearly erroneous or inconsistent with the regulations, this court must

changed so that the governing provision became Paragraph 4101.44 of the Revised Zoning Regulations. The Board found that, "as far as this appeal is concerned, there is no difference between the old regulations and the present regulations." BZA Appeal No. 12845, Order, Finding of Fact # 3 (Feb. 28, 1979).

2. The court is not persuaded by this argument. We think it clear that by interpreting the phrase "similar professional person." the Board was not "rulemaking" within the meaning of D.C.Code 1973, § 1–1502(6) and (7):

(6) the term "rule" means the whole or any part of any Commissioner's, Council's or agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or to describe the organization, procedure, or practice requirements of the Commissioner, Council, or of any agency;

(7) the term "rulemaking" means Commissioner's, Council's, or agency process for the formulation, amendment, or repeal of a rule. Rather, the Board was interpreting the phrase within its statutory authority. See *Salsbery v. District of Columbia Board of Zoning Adjustment,* D.C.App., 318 A.2d 894, 896 (1974) and Anderson, *American Law of Zoning,* § 13.08 (First ed. 1968). We must accord substantial deference to the agency's interpretation. *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 94, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973); *Sheridan-Kalorama Neighborhood Council and Philip R. Melkye v. District of Columbia Board of Zoning Adjustment,* D.C.App. (No. 12899, May 7, 1979). Having said this, we devote our opinion to a discussion of petitioner's second issue.

defer to the BZA's decision on the meaning of "similar professional person". *See Association for Preservation of 1700 Block of N Street, N.W., et al. v. District of Columbia Board of Zoning Adjustment*, D.C.App., 384 A.2d 668, 671 (1978).

Petitioner urges that the determination of the Zoning Administrator that the Keefe Company does not constitute a "similar professional person" within the meaning of the SP Zoning Regulations, was arbitrary and capricious. We cannot agree. There is substantial evidence from the whole record, *id.* at 670, to indicate that the Zoning Administrator's determination that petitioner could not qualify as a "similar professional person" under § 4101.44, was based on sound reason and precedent.

The drafters of the D.C.Zoning Regulations § 4101.44 provided the Zoning Administrator with no definition of "similar professional person," nor can a definition of the same be found in any other section of the regulations. Such being the case, the BZA had to resort to legislative history and fundamental principles of statutory construction, to give meaning to the phrase.

The legislative history indicates that the purpose of SP Zoning Area was to provide a "buffer zone" between commercial and residential zones. To achieve this goal, the legislators restricted the use of buildings in SP areas to specifically enumerated occupants and "similar professional persons".

The *Report of the Zoning Advisory Council, on Proposed Amendment to the Zoning Regulations* (October 29, 1958) makes clear the legislative intent that § 4101.44 be interpreted narrowly. Many who opposed the amendment as being too narrow, urged the Commission to interpret the phrase "similar professional person" liberally, to include a broad class of professionals, real estate brokers, insurance agents, certified public accountants and the like (Report at 19). But the Zoning Advisory Council unequivocally rejected a liberal interpretation of the phrase:

> [A] broad interpretation of the term "professional person" would embrace nearly every occupation as well as the more highly refined professions. A more liberal interpretation would result in undue competition with the "C" Districts and tend to defeat the purpose for which the SP District was created [Report at 1].

The Zoning Commission adopted the recommendation of the Zoning Advisory Council and amended § 4101.44 to include a limited number of professionals, and "similar professional persons".

## II.

■ While it is clear from the legislative history that the phrase "similar professional person" is to be construed narrowly, the history gives no indication of what types of "similar professionals" are to be included within the class of acceptable occupants. Thus, the Zoning Administrator had to add meaning to the phrase "similar professional person" by applying an accepted doctrine of statutory construction, *ejusdem generis.* The Administrator looked at the general language of the provision, "or a similar professional person," and correctly concluded that that language must be limited in application to professionals similar to those specifically enumerated: an "architect, dentist, doctor, engineer [or] lawyer". *See United States v. Brown*, D.C.App., 309 A.2d 256, 258 (1973). Finding that the specified professionals all had at least three things in common: (1) professional education; (2) a code of ethics and some principles of practice through a professional organization; and (3) professional licensing, the Administrator concluded that to be eligible for an occupancy permit for an office in a SP–2 zoning district, a professional must meet the same criteria. With regard to the petitioners, the Administrator concluded:

> I do not believe lobbyists or public affairs consulting firms meet the last two requirements. Therefore, regardless of their educational background, it is my opinion that they are not "professionals" within the meaning of the Zoning Regulations. (Tr. 17).

Accordingly, the Zoning Administrator declined to issue the permit. The BZA concurred.

Finding the BZA's conclusion that Keefe Company is not a "similar professional" within § 4101.44, to be neither arbitrary nor clearly inconsistent with the regulations, we must affirm.

*Affirmed.*