**Solomon S. COLKER, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent.**

No. 83–35.

District of Columbia Court of Appeals.

Argued Sept. 13, 1983.

Decided Sept. 16, 1983.*

Allen V. Farber, Washington, D.C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before NEBEKER, PRYOR and BELSON, Associate Judges.

PER CURIAM:

This is a petition for review of a decision of the District of Columbia Board of Zoning Adjustment (BZA) denying petitioner's application for a certificate of occupancy for premises located in a Special Purpose (SP) zone. The BZA found that petitioner was not a "similar professional person" within the meaning of § 4101.44 of the Zoning Regulations. We affirm.

Petitioner, Solomon S. Colker, is the founder and chief officer of S.S. Colker & Associates, Inc. On behalf of his corporation, Colker applied for a certificate of occupancy to use as an office certain premises located at 1330 New Hampshire Avenue, N.W. The building is in an SP–2 zone in which use is permitted for an "[o]ffice for a *chancery, international agency, nonprofit organization,* labor union, architect, dentist, doctor, engineer, lawyer or similar professional person" (underscoring in original). 11 DCMR § 4104.44 (1982). Colker contends that he is a "similar professional person" within the meaning of the regulation, but the BZA ruled otherwise.

A prior decision of this court affirmed the BZA's ruling that in order to be a "similar professional person," a person must (1) have professional education, (2) be bound by a code of ethics and some principles of practice through a professional organization, and (3) be professionally licensed. *See Keefe Co. v. District of Columbia Board of Zoning Adjustment,* 409 A.2d 624, 625–26 (D.C.1979). Colker is licensed by the state of Maryland as a certified public accountant and is chartered as a financial analyst by the Institute of Chartered Financial Analysts. However, he sought a certificate of occupancy for use as an "accountant, financial analyst and economist." *See* Board of Zoning Order No. 13714 (January 18, 1983). Neither financial analysts nor economists are subject to pro-

* The original disposition of this case was by an unpublished Memorandum Opinion and Judg-

ment. Respondent's motion for publication was granted by the court.

fessional licensing, nor are economists bound by a professional code of ethics. Thus, in two of his three professed categories of endeavor, Colker cannot meet the criteria for a "similar professional person."

Colker might qualify as a "similar professional person" if he restricted himself to activities customarily performed by a certified public accountant. However, Colker offers his clients a variety of financial consulting services. His firm also specializes in providing expert testimony in regulatory and judicial proceedings. At the hearing before the BZA, Colker asserted that he did not hold himself out as a practicing certified public accountant.

The thrust of Colker's position seems to be that since he qualifies as a "similar professional person" in one field permitted in the SP zone, he should be allowed to carry on a business in other fields not permitted in that zone. We find the BZA's rejection of that position neither arbitrary nor inconsistent with the regulation. Accordingly, the decision of the District of Columbia Board of Zoning Adjustment is

*Affirmed.*